## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK (FOLEY SQUARE)

| | |
|---|---|
| SHERRI COHEN,<br>          Plaintiff, | CASE NO.  1:18-cv-06210-JSR-KHP<br>          ECF Case |
| vs. | |
| EQUIFAX INFORMATION SERVICES, LLC;<br>EXPERIAN INFORMATION SOLUTIONS,<br>INC.; and TRANSUNION LLC<br>          Defendants. | **TRANS UNION, LLC'S RESPONSE IN<br>OPPOSITION TO PLAINTIFF'S<br>MOTION FOR LEAVE TO FILE<br>SECOND AMENDED COMPLAINT<br>[DOC. NO. 61]** |

Defendant Trans Union, LLC ("Trans Union"), by counsel, respectfully submits this Response In Opposition To Plaintiff's Motion For Leave To File Second Amended Complaint [Doc. No. 61] (the "Motion").

The Motion should be denied as futile in this alleged Fair Credit Reporting Act ("FCRA") case where Plaintiff – in direct contradiction to the Amended Complaint – has admitted her Trans Union credit file does not contain any inaccuracies and that third-parties have access to her credit file because:

1.      Despite the Amended Complaint's false allegation otherwise, Plaintiff now admits that her Trans Union credit file does not contain any inaccuracies and case law holds that accuracy is a complete defense to all of Plaintiff's claims under the FCRA;

2.      Despite the Amended Complaint's false allegations otherwise, Plaintiff now admits that both she and her potential creditors have access to her Trans Union credit file and case law holds the access provided by Trans Union is compliant with the FCRA; and

3.      Plaintiff fails to state a claim of intentional infliction of emotional distress.

**RELEVANT FACTUAL BACKGROUND**

On May 25, 2018, Plaintiff filed her Complaint in the Supreme Court of the State of New York, County of New York.  On July 3, 2018, Trans Union was served with summons and the Complaint.  On July 9, 2018, Trans Union removed this action to the United States District Court for the Southern District of New York.  On November 15, 2018, at a Case Management Conference, Plaintiff stated a desire to amend her Complaint and agreed to do so by November 21, 2018.

The Court's November 15 Order [Doc. No. 28], required Plaintiff to provide the defendants with a copy of her proposed Amended Complaint by November 21, 2018; however, Plaintiff refused to do so.  On March 18, 2019, four months after her deadline and the day prior to this matter's Settlement Conference, Plaintiff filed the Motion and proposed Amended Complaint.  On March 19, 2019, the Court asked the defendants to respond to the merits of Plaintiff's Motion.

**LAW**

Although Federal Rule of Civil Procedure 15 allows courts to liberally grant leave to amend complaints, "motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." See Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008); see also Oneida Indian Nation of New York v. City of Sherrill, New York, 337 F.3d 139, 168 (2d Cir. 2003) ("Amendment is not warranted in the case of, among other things, 'futility.'" (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227 (1962)).  "A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." Id. (citing Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir.1991)).

In evaluating whether Plaintiff's amended allegations would survive a motion to dismiss, "a court is 'not required to accept as true conclusory allegations … that contradict matters properly subject to judicial notice.'" Lynch v. Rawls, 429 F. App'x 641, 645 (9th Cir. 2011) (citing Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.2001)).

## ARGUMENT

**I.**      **Despite the Amended Complaint's false allegation otherwise, Plaintiff now admits that her Trans Union credit file does not contain any inaccuracies and case law holds that accuracy is a complete defense to all of Plaintiff's claims under the FCRA.**

It is well settled that accurate reporting is a complete defense to a plaintiff's claims under both §§ 1681e(b) & 1681i of the FCRA.  See Gorman v. Experian Info. Sols., Inc., 2008 U.S. Dist. LEXIS 94083, at *12 (S.D.N.Y. Nov. 18, 2008); Frydman v. Experian Info. Sols., Inc., 2016 U.S. Dist. LEXIS 107139, at *23 (S.D.N.Y. Aug. 11, 2016); Okocha v. Trans Union LLC, No. 08-CV-3107, 2011 U.S. Dist. LEXIS 39998, at *15 (E.D.N.Y. Mar. 31, 2011).  Here, Plaintiff's proposed "Second[1] Amended Complaint" [Doc. No. 61-1] (the "Amended Complaint") alleges additional credit reporting inaccuracies of "wrong addresses, wrong dates, incorrect telephone numbers, incorrect spellings of names, and incorrect information regarding her Corttrust [sic] account."  See Amended Complaint at ¶ 69.  However, one day after filing her Motion, Plaintiff admitted on the record that Trans Union's reporting of her credit file was accurate.  See Affidavit In Support Of Motion For Leave To File Amended Complaint [Doc. No. 68], Exhibit B (the "Settlement Conference Transcript"), at pg 7.

Courts have consistently held that this Court may take judicial notice of a party's admission on the record.  See Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015).  In evaluating the futility of Plaintiff's Amended Complaint, the Court need

---

[1] Although Plaintiff styles Doc. No. 61-1 as a "second" Amended Complaint, Plaintiff has not previously amended her Complaint.  See generally Doc. Nos. 1-62.

not accept as true Plaintiff's claim that Trans Union is reporting any incorrect information on her credit file as she has openly admitted on the record that her Trans Union credit file is accurate. See Lynch, 429 F. App'x at 645.  As such, Plaintiff cannot in good-faith pursue these claims to the contrary.

Even without that admission, Plaintiff's sparse allegations regarding inaccuracies do not comply with the pleadings standards outlined by Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).  Specifically, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice…."  Howard v. Mun. Credit Union, No. 05 CIV. 7488 (LAK), 2008 WL 782760, at *6 (S.D.N.Y. Mar. 25, 2008).  Here, Plaintiff's Amended Complaint merely asserts that some information is "incorrect" or "wrong" without stating what is allegedly "wrong" about the information.  See generally Amended Complaint.  Courts in this district have held that such bare allegations do not meet the pleading standard in FCRA cases.  See Gestetner v. Equifax Info. Servs. LLC, No. 18 CIV. 5665 (JFK), 2019 WL 1172283, at *2 (S.D.N.Y. Mar. 13, 2019) (granting a motion to dismiss where Plaintiff did not plead any facts as to "why" reporting was inaccurate).  Thus, Plaintiff's Amended Complaint consists of mere legal conclusions devoid of any factual support and cannot survive scrutiny under Twombly and Iqbal.

Finally, Plaintiff's claims regarding allegedly inaccurate personal identifying information, such as address and telephone information, are not actionable under the FCRA, as that information has no bearing on Plaintiff's credit-worthiness.  See Ali v. Vikar Mgmt., 994 F. Supp. 492 at 497, 499 (S.D. N.Y. 1998).

Accordingly, Plaintiff's proposed Amended Complaint should be denied for futility as it does not state sufficient facts to state a claim for violation of the FCRA by Trans Union and Plaintiff has admitted her Trans Union report is accurate.

**II.    Despite the Amended Complaint's false allegations otherwise, Plaintiff now admits that both she and her potential creditors have access to her Trans Union credit file and case law holds the access provided by Trans Union is compliant with the FCRA.**

Plaintiff's Amended Complaint falsely asserts that her Trans Union credit file has been taken "off line" in retaliation for filing a lawsuit and is thus not available to herself or potential creditors[2].  See Attached Declaration Of Don Wagner.  In fact, the mechanism at issue – colloquially referred to as a "Litigation Lock" (the "Litigation Lock") – merely requires that Plaintiff communicate with defense counsel rather than directly with Trans Union and is implemented in response to any consumer's initiation of a lawsuit.  Id.  This in no way prevents creditors from accessing Plaintiff's credit file – which Plaintiff admitted on the record one day after filing her Motion, see Settlement Conference Transcript at 25 – nor does it prevent Plaintiff from accessing her Trans Union credit file, either via Trans Union's counsel or a third party.  See Declaration Of Don Wagner.  In evaluating the futility of Plaintiff's Amended Complaint, the Court may take judicial notice of Plaintiff's contradictory statement, see Wrights Mill Holdings, LLC, 127 F. Supp. 3d at 166, and need not accept as true her inaccurate claim that Trans Union's Litigation Lock prevents creditors from accessing Plaintiff's credit file.  See Lynch, 429 F. App'x at 645.

Moreover, Plaintiff's cursory allegation that Trans Union operated "contrary to the FCRA" by failing to provide her credit report, without cost, "within 5 minutes 24/7", see Amended Complaint at ¶¶ 57 & 93, is not supported by the FCRA, relevant case law or reality.  No such

---

[2] Trans Union previously addressed this issue in response to Plaintiff's Declaration To Restore Credit File [Doc. No. 30].  See Doc No. 31.

requirement exists in the FCRA.  In fact, 15 U.S.C. § 1681j, requires only one (1) free credit report "during any 12-month period… without charge to the consumer." See 15 U.S.C. § 1681j.  Not only has Trans Union's counsel provided Plaintiff with a copy of her unscored Consumer Disclosure each time she requested one,[3] but it has done so nearly once a month since the initiation of this action without cost to Plaintiff. [4]  As such, Trans Union has gone above and beyond its FCRA duties, and Plaintiff's claim has no merit.

As such, the basis for Plaintiff's amended allegation that Trans Union is "holding her credit account hostage contrary to the FCRA" is inaccurate and thus Plaintiff's Motion should be denied. See Amended Complaint at ¶ 134.

### III.   Plaintiff fails to state a claim of intentional infliction of emotional distress.

Under New York law, to maintain a claim for intentional infliction of emotional distress ("IIED"), a plaintiff must show "(1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." Conboy v. AT&T Corp., 241 F,3d 242, 258 (2d Cir. 2001).  As the standard for stating a claim of IIED is "rigorous and difficult to satisfy," the alleged conduct "must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'" Crawford v. Recovery Partners, No. 12 CIV. 8520, 2014 WL 1695239, at *5 (S.D.N.Y. Apr. 28, 2014) (quoting Howell v. New York Post Co., 81 N.Y.2d 115, 122, 596 N.Y.S.2d 350, 353, 612 N.E.2d 699 (1993)).  In fact, Courts in this

---

[3] In fact, since Trans Union was served in this action on July 3, 2018, Trans Union's counsel has provided Plaintiff with a copy of her Consumer Disclosure on August 29, 2018, September 28, 2018, October 3, 2018, November 13, 2018, February 8, 2019, March 11, 2019 and March 19, 2019.  Further, creditors have accessed Plaintiff's credit information forty-five times since July 3, 2018.

[4] Trans Union merely asks Plaintiff to send a check for $9.95 if she would like a copy of her scored Consumer Disclosure – which would cover the regular price to obtain a scored Trans Union Consumer Disclosure via Trans Union's website.

district have routinely dismissed cases which do not allege behavior that is sufficiently "extreme." See Howell, 81 N.Y.2d at 122 (1993); see also Grimes v. Fremont Gen. Corp., 933 F. Supp. 2d 584, 612 (S.D.N.Y. 2013) (holding that allegations of threats of foreclosure, reporting to credit reporting agencies and attempts to collect a debt "hardly outrageous."); Calizaire v. Mortg. Elec. Registration Sys., Inc., No. 14CV1542CBASMG, 2017 WL 895741, at *8 (E.D.N.Y. Mar. 6, 2017) (Allegations "that Deutsch Bank has knowingly initiated foreclosure proceedings without the right to do so…. does not constitute the "outrageous conduct" necessary to support an IIED claim.").

Here, the actions alleged by Plaintiff – despite admitting that such allegations are false in open court – would only be minor inaccuracies in her credit file as well as her inability to obtain her Trans Union credit report "within five minutes 24/7." Even if those allegations were accepted as true, it is conduct which is hardly so outrageous and "extreme as to go beyond all possible bounds of decency." Howell, 81 N.Y.2d at 122. Plaintiff's allegation that such actions are "utterly intolerable in a civilized society" is ridiculous on its face and – as numerous courts detailed above have in the past with similar allegations – should be given no merit.

As such, Plaintiff's IIED claims should be dismissed.

## CONCLUSION

For the forgoing reasons, Trans Union, LLC, requests that this Court issue an Order denying the Motion and for all other just and proper relief.

Date:   April 2, 2019                              Respectfully submitted,


                                                   /s/ Colin C. Poling
                                                   Camille R. Nicodemus, Esq.
                                                   Colin C. Poling, Esq.
                                                   (admitted *Pro Hac Vice*)
                                                   Schuckit & Associates, P.C.
                                                   4545 Northwestern Drive
                                                   Zionsville, IN  46077
                                                   Telephone:  (317) 363-2400
                                                   Fax:  (317) 363-2257
                                                   E-Mail:  cnicodemus@schuckitlaw.com
                                                            cpoling@schuckitlaw.com

                                                   *Counsel for Defendant Trans Union, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **2nd day of April, 2019**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Boris Brownstein, Esq.<br>bbrownstein@clarkhill.com | Jonathan Daniel Klein, Esq.<br>jklein@clarkhill.com |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via Electronic Mail and First Class, U.S. Mail, postage prepaid, on the **2nd day of April, 2019**, properly addressed as follows:

| | |
|---|---|
| Sherri Cohen<br>P.O. Box 4171<br>Middletown, NY  10941<br>myverypersonalpapers@gmail.com | |

/s/ Colin C. Poling
Camille R. Nicodemus, Esq.
Colin C. Poling, Esq.
(admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  cnicodemus@schuckitlaw.com
          cpoling@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*