

4545 Northwestern Drive | Zionsville, IN 46077
OFFICE 317.363.2400 | FAX 317.363.2257 | schuckitLAW.com

April 29, 2019

**VIA EMAIL AND ECF**
RakoffNYSDChambers@nysd.uscourts.gov

Hon. Jed S. Rakoff
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1340
New York, NY 10007-1312

      RE:    ***Sherri Cohen v. Trans Union, LLC, et al.***
              ***United States District Court – Southern District Of New York***
              ***Case Number: 1:18-cv-06210-JSR***

Dear Judge Rakoff:

      Pursuant to the Court's April 23, 2019 direction given via telephone conference, defendant consumer reporting agency Trans Union submits this response to Plaintiff's Notice Of Objection (the "Notice"), which was E-mailed to the Court and all parties on April 25, 2019.

      Trans Union respectfully requests that the Court advise Plaintiff that the Notice, if filed, would be denied because the objections therein relate to the Magistrate Judge's denial of Plaintiff's Second Motion To Reconsider the denial of her request to depose a Trans Union "manager or executive knowledgeable about computer systems," and the denial of that Second Motion To Reconsider is not "clearly erroneous" or "contrary to law." See Fed. R. Civ. P. 72. Trans Union is producing witnesses as ordered as to her two claims regarding Trans Union's communications with consumers and treatment of files after litigation is threatened and Plaintiff cannot direct a party as to whom it must produce on a topic.

## BACKGROUND

      Plaintiff's initial Complaint wrongly claimed that Trans Union violated the Fair Credit Reporting Act ("FCRA") by reporting inaccurate "credit card and loan balances" and "credit utilization" for her Applied Bank account [Doc. No. 1-4]. Plaintiff's still pending March 18, 2019 "Motion" [Doc. No. 61] was treated by Magistrate Judge Parker as a Motion for Leave to File Second Amended Complaint, which the Magistrate Judge recommended be granted in part to make claims of the reporting of an inaccurate account, name and addresses and a "litigation lock" allegedly preventing creditors' from accessing Plaintiff's file. See Opinion [Doc. No. 84] at 7-8.



4545 Northwestern Drive | Zionsville, IN 46077
OFFICE 317.363.2400 | FAX 317.363.2257 | schuckitLAW.com

Plaintiff admitted to the Court at the March 19, 2019 Settlement Conference that there are no such inaccuracies and creditors had access to her Trans Union file. Accuracy is a complete defense to FCRA claims. See Gorman v. Experian Info. Sols., Inc., 2008 U.S. Dist. LEXIS 94083, at *12 (S.D.N.Y. Nov. 18, 2008); Frydman v. Experian Info. Sols., Inc., 2016 U.S. Dist. LEXIS 107139, at *23 (S.D.N.Y. Aug. 11, 2016); Okocha v. Trans Union LLC, No. 08-CV-3107, 2011 U.S. Dist. LEXIS 39998, at *15 (E.D.N.Y. Mar. 31, 2011). Moreover, the FCRA does not require consumer reporting agencies to provide credit report access to anyone other than consumers themselves. Indeed, the text of the statute merely outlines the circumstances under which Trans Union "may" provide a third party with information regarding a consumer. See 15 U.S.C. § 1681b(a); see also Botti v. Trans Union LLC, No. C 11-04519 SBA, 2012 WL 1595109, at *3 (N.D. Cal. May 4, 2012).

In any event, in response to Plaintiff's first request to depose an "I.T. manager/executive" [Doc. No. 62], Magistrate Parker permitted Plaintiff to take the deposition of Trans Union's designees as to:

> (1) information concerning treatment of a consumer's credit report after the consumer threatens or commences litigation concerning his/her credit report and any "litigation lock" or other procedures related to the provision of the consumer's credit reports to the consumer and others; and
>
> (2) procedures concerning correspondence and communications with consumers before and after litigation with the consumer concerning the consumer's credit report.

Plaintiff's request to depose "executives concerning their knowledge about Defendants' computer systems capabilities and technical obstacles to changing the format of their consumer credit reports" was denied. See Order From Settlement Conference [Doc. No. 62] at 2. No Objections to this Order were ever filed.

Plaintiff filed her First Motion For Reconsideration of the above Order on March 28, 2019 [Doc. No. 66] which was denied on April 12, 2019 [Doc. No. 79]. No objections to this Order were ever filed.

Plaintiff filed her Second Motion For Reconsideration of the above Order on April 18, 2019 [Doc. No. 87]; which was denied on April 25, 2019. See Order [Doc. No. 90] ("[t]he Federal Rules of Civil Procedure do not permit multiple and repetitive motions for reconsideration. No further requests for reconsideration of the Court's original decision at ECF 62 will be entertained.").

Plaintiff's objections to the Magistrate Judge's Order denying the Second Motion To Reconsider to permit a deposition of an "I.T. manager/executive" as to how inaccurate consumer information is corrected upon request should be denied because:



4545 Northwestern Drive | Zionsville, IN 46077
OFFICE 317.363.2400 | FAX 317.363.2257 | schuckitLAW.com

1. The Order is not clearly erroneous or contrary to law because:

    a. Trans Union is already producing a Rule 30(b)(6) witness with the requisite knowledge to address the permitted initial two areas, as well as Plaintiff's new area of how inaccurate consumer information is corrected upon request and Plaintiff is not allowed to demand that Trans Union produce a "manager/executive" for that purpose; and

    b. Plaintiff has provided no evidence or authority that she claims the Magistrate Judge "overlooked" in reaching her original decision to deny Plaintiff's request to depose an "IT department executive," nor in denying both Motions To Reconsider.

## ARGUMENT

1. **Trans Union Is Already Producing A Rule 30(b)(6) Witness With The Requisite Knowledge To Address The Permitted Initial Two Areas, As Well As Plaintiff's New Area Of How Inaccurate Consumer Information Is Corrected Upon Request And Plaintiff Is Not Allowed To Demand That Trans Union Produce A "Manager/Executive" For That Purpose.**

On March 19, 2019, this Court issued an Order ordering Plaintiff to serve Federal Rule of Civil Procedure ("Rule") 30(b)(6) Notices of Deposition to Trans Union and Equifax by March 29, 2019, limited to information concerning the Defendants' "litigation lock" procedures and "procedures concerning correspondence and communication with consumers before and after litigation with the consumer concerning the consumer's credit report." See Order [Doc. No. 62] at 2. On March 29, 2019, Plaintiff served Trans Union with a Notice Of Deposition for a Trans Union representative regarding, among other things, Trans Union's dispute procedures and Trans Union's processing of dispute correspondence. Trans Union intends to produce, as ordered, a witness with sufficient knowledge of Trans Union's dispute procedures and processes regarding correction of allegedly inaccurate information.

Plaintiff's new proposed deposition topic in the Notice is included in the topics identified in her Notice Of Deposition and does not require the production of a manager or executive from Trans Union's IT department. Plaintiff is attempting to force Trans Union to provide a second or different deponent to answer the same questions to which its witness will already be able to testify. Courts have consistently held that attempts like Plaintiff's to hand-pick whom a corporate party designates as a 30(b)(6) representative are improper. See e.g. Wultz v. Bank of China Ltd., 298 F.R.D. 91, 99 (S.D.N.Y. 2014). Rather, Trans Union must produce an individual familiar with the



4545 Northwestern Drive | Zionsville, IN 46077
OFFICE 317.363.2400 | FAX 317.363.2257 | schuckitLAW.com

topic,[1] which it will. See Reilly v. Natwest Markets Group Inc., 181 F.3d 253, 268-269 (2d Cir. 1999).

2. **Plaintiff Has Provided No Evidence Or Authority That She Claims The Magistrate Judge Overlooked In Reaching Her Original Decision To Deny Plaintiff's Request To Depose An "IT Department Executive," nor in denying both Motions To Reconsider.**

Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e) and the standard for granting same is "strict." See Aghaeepour v. N. Leasing Sys., Inc., No. 14 CV 5449 (NSR), 2016 WL 828130, at *1 (S.D.N.Y. Feb. 25, 2016). They "'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" Id. (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).

Here, Plaintiff has not pointed to any controlling decisions or data which the Court may have overlooked, but instead simply restates the arguments upon which the Court initially ruled. A motion to reconsider "is not a vehicle for ... presenting the case under new theories ... or otherwise taking a 'second bite at the apple ....'" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012).

Very Truly Yours,

SCHUCKIT & ASSOCIATES, P.C.

Colin C. Poling

CCP

---

[1] Further, if Trans Union was forced to produce an "IT department executive" to respond to her revised deposition topic, that person would likely be without the requisite knowledge to adequately respond.