```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------
| SHERRI COHEN,                  |
|                                |
|             Plaintiff,         |
|                                |
|     -against-                  |
|                                |
| EQUIFAX INFORMATION SERVICES   |
| LLC and TRANSUNION LLC,        |
|                                |
|             Defendants.        |
----------------------------------
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/20/19

18-cv-6210 (JSR) (KHP)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

In this action, plaintiff Sherri Cohen, pro se, alleges that defendants Equifax Information Services LLC and Transunion LLC are in violation of the federal Fair Credit Reporting Act ("FCRA") and its New York analogue. On March 18, 2019, plaintiff moved to file a Second Amended Complaint. See ECF No. 61. As relevant here, the Second Amended Complaint sought to add claims for intentional infliction of emotional distress and retaliation. Magistrate Judge Parker, to whom this action has been referred for pretrial matters, issued a Report and Recommendation recommending that the motion be denied insofar as the Second Amended Complaint sought to add these causes of action. See Opinion, Report and Recommendation 8, ECF No. 84. Judge Parker concluded that the amendment would be futile insofar as the proposed causes of action failed to state claims for relief. Plaintiff timely filed objections. See Plaintiff's Objection, ECF Nos. 97, 104.

1

Having reviewed the underlying papers de novo, and applying a liberal reading to plaintiff's papers in light of her pro se status, the Court is in complete agreement with Judge Parker's thorough and well-reasoned analysis. The Court therefore adopts the reasoning of her Report and Recommendation by reference.

In objecting to Judge Parker's rejection of her claim for intentional infliction of emotional distress, plaintiff cites to cases where courts have upheld awards of damages for emotional distress as a result of FRCA violations. Plaintiff has conflated the availability of damages for emotional distress with the independent tort of intentional infliction of emotional distress - although, in fairness, the nomenclature is extremely confusing. In brief, when a defendant is found liable, the plaintiff may recover actual damages, which may, in an appropriate case, include damages for emotional distress. "Intentional infliction of emotional distress," on the other hand, is an independent tort that renders a defendant liable for especially outrageous conduct. As Judge Parker explained, plaintiff's allegations do not make out a cause of action for intentional (or negligent) infliction of emotional distress. However, nothing in Judge Parker's ruling prevents plaintiff from seeking to prove and recover damages for emotional distress at trial, if she establishes that defendants are liable for one or more of her claims under the FCRA.

As for the claim of retaliation, plaintiff agrees with Judge Parker's ruling that the FCRA does not provide for such a cause of action. However, plaintiff now seeks leave to amend her complaint to add six new claims related to defendants' imposition of a "litigation lock" on plaintiff's credit score in response to this litigation. Specifically, plaintiff wishes to add (1) a claim under the Racketeer Influenced and Corrupt Organization Act; (2) a claim for a violation of New York's General Business Law § 349; (3) a claim for conversion; (4) a claim for breach of fiduciary duty; (5) a claim for civil conspiracy; and (6) a claim for tortious interference.

This request, raised for the first time in plaintiff's objection to Judge Parker's Report and Recommendation, is not procedurally proper. Normally, "it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." Hubbard v. Kelley, 752 F. Supp. 2d 311, 313 (W.D.N.Y. 2009) (quoting Illis v. Artus, No. 06-CV-3077, 2009 WL 2730870, at *1 (E.D.N.Y. Aug. 28, 2009)). However, requiring plaintiff to first present these arguments to Judge Parker would, under the circumstances, result in a needless duplication of effort. In the interest of judicial economy, therefore, the Court has considered plaintiff's motion to amend to add these claims de novo.

3

The Federal Rules of Civil Procedure direct that a court "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). This "permissive standard" reflects this Circuit's "strong preference for resolving disputes on the merits." Williams v. Citigroup Inc., 659 F.3d 208, 212-13 (2d Cir. 2011) (quoting New York v Green, 420 F.3d 99, 104 (2d Cir. 2005)). Leave to amend should be granted "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." Monahan v. New York City Dept. of Corrections, 214 F.3d 275, 283 (2d Cir. 2000).

Here, plaintiff's motion must be denied on the ground of undue delay. This case is on the verge of summary judgment, and discovery is scheduled to close later this month. Plaintiff's only explanation for why it took her so long to propose these amendments is that, when she initiated her lawsuit, she did not know how the defendants would use the litigation lock. Plaintiff's Objection 6. But this lawsuit was removed to federal court in July of 2018, and plaintiff first expressed a desire to amend her complaint to add claims relating to the litigation lock no later than November 15, 2018. See Order dated November 15, 2018 at 2, ECF No. 28. Additionally, Judge Parker set a deadline of November 21, 2018 - nearly six months before plaintiff proposed the amendments now at issue - for the complaint to be amended to encompass this claim. Id. The Court has due regard for the difficulties plaintiff may

4

have in finding the proper legal theory to encompass her claims. But plaintiff has not been idle during this time; she has been an active, indeed vigorous, participant in this litigation. The Court can see no reason why plaintiff could not assert these claims earlier. Even making all reasonable allowances for plaintiff's pro se status, this extraordinary delay is unacceptable.

Moreover, permitting these belated amendments is not necessary to resolve this issue on the merits. Plaintiff's Second Amended Complaint includes a claim for willful violation of the FCRA based on the litigation lock procedures, and Judge Parker recommended permitting that amendment (which recommendation the Court is adopting). See Report and Recommendation 2, 8. Thus, plaintiff will have a full opportunity to litigate whether defendants' use of the litigation lock gave rise to liability and, if so, to prove the extent of her resulting damages.

Indeed, not only is plaintiff's latest amendment unnecessary to the resolution of her claims, it would likely cause great confusion and delay. Plaintiff has asserted a veritable buckshot of claims all aimed at proving the same thing: that defendants use the litigation lock to pressure litigants, rather than for any legitimate purpose. Offering the jury seven different legal theories aimed at proving the same misconduct would be, to put it

5

mildly, excessive.[1] Accordingly, plaintiff's motion to amend her complaint to include the six claims raised for the first time in her objections to Judge Parker's Report and Recommendation is denied.

Finally, plaintiff has also filed a letter asking the Court to "personally review" the validity of her FCRA and RICO claims. Motion for Judge Rakoff's Personal Review and Ruling 1, ECF No. 115. This Court reviews de novo any potentially dispositive motions. See 28 U.S.C. § 636(b)(1)(B). As to any non-dispositive matters, plaintiff is free to appeal any rulings she feels are "clearly erroneous or contrary to law," 28 U.S.C. § 636(b)(1)(A) - as indeed plaintiff has already done once, see ECF No. 94. Plaintiff should rest assured that this case will receive the Court's full and undiluted attention.[2]

For the reasons given above, plaintiff's undue delay in proposing the RICO amendment justifies denial of her motion to amend. However, because it is obviously important to plaintiff

---

[1] Additionally, while the Court's present ruling is not premised on a finding of futility, the Court is extremely doubtful that most, if any, of plaintiff's belatedly-asserted theories of liability state a viable claim for relief.

[2] The Court would be remiss, however, if it did not note that Magistrate Judge Parker is an exceptionally thoughtful and scrutinizing jurist. To the extent plaintiff's motion reflects a concern that Judge Parker's rulings are anything less than the product of careful legal reasoning, therefore, that concern is totally misplaced. As the Court has already noted, plaintiff should consider herself fortunate that such a capable judge is handling the pretrial matters in this case. See Order dated December 21, 2018, ECF No. 50.

6

that the Court address the viability of her claim, the Court has also undertaken a de novo review of whether amendment to add this claim would be futile. The Court concludes that it would, as plaintiff has not stated a claim for relief under RICO.

"To establish a RICO claim, a plaintiff must show: (1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." DeFalco v. Bernas, 244 F.3d 286, 305 (2d Cir. 2001) (internal quotation marks omitted) (quoting Pinnacle Consultants, Ltd. v. Leucadia Nat'l Corp., 101 F.3d 900, 904 (2d Cir. 1996)). "To establish a violation of 18 U.S.C. § 1962(c)" – the only substantive subsection that might apply to plaintiff's claims – "a plaintiff must show (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Id. at 306 (internal quotation marks omitted) (quoting Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985)). "Racketeering activity" is defined by 18 U.S.C. § 1961(1) to include a broad array of illegal conduct, of which the only example relevant here is extortion.

Plaintiff's only asserted basis for RICO liability is that defendants put a "litigation lock" on her credit score after she commenced these proceedings which prevents her from freely accessing her credit score. Plaintiff's Objection 3-5. Plaintiff claims that defendants use these litigation locks to coerce

plaintiffs to settle their lawsuits. There are several problems with formulating this as a RICO violation. First, "[u]nder section 1962(c), a defendant and the enterprise must be distinct." DeFalco, 244 F.3d at 307. Plaintiff has not identified any "enterprise" that is distinct from Transunion LLC and Equifax Information Services, LLC, the only defendants.

Second, plaintiff has not alleged any facts in support of her claim that the litigation lock is imposed to bully consumers into settling. A bare allegation of improper intent is not sufficient to survive a motion to dismiss. And plaintiff's allegation of a "tacit" conspiracy between defendants, Plaintiff's Objection 5, is entirely speculative.

Third, even if plaintiff had sufficiently pleaded that defendants had a wrongful motivation, the litigation lock is not extortion. Extortion usually requires obtaining of property from another by threats of violence. E.g., 18 U.S.C. § 1951(b)(2). Even assuming without deciding that, by inducing plaintiff to settle or drop her case, defendants thereby attempted to obtain property from her, a litigation lock is not a threat of force or violence against person or property. Plaintiff characterizes the practice as "unfair and unreasonable," Plaintiff's Objection 4, and it may well be, but not every unfair or unreasonable business practice is racketeering. Indeed, plaintiff compares the litigation lock to "a grocery chain refusing to sell food to someone who has sued the

8

chain." Plaintiff's Objection 4. But such a course of action would be perfectly legal.

In addition to being untimely, then, plaintiff's proposed RICO claim does not state a claim for relief. For that additional reason, plaintiff's amendment would be futile and her motion to amend is denied.

In summary: The Court adopts Judge Parker's Report and Recommendation in full. Plaintiff's motion to amend her complaint is denied insofar as she seeks to add an independent claim of retaliation under the FCRA, a claim of intentional or negligent infliction of emotional distress, a claim under RICO, or any of the six New York state law claims asserted for the first time in plaintiff's Objection to the Report and Recommendation. Plaintiff's motion is granted insofar as remainder of the Second Amended Complaint will serve as the operative pleading. Plaintiff will be permitted to litigate the issue of the "litigation lock" insofar as it is relevant to establishing the defendants' liability for a willful violation of the FCRA. No further amendments to the pleadings will be permitted.

The Clerk of the Court is directed to close docket entries 61 and 115.

SO ORDERED.

Dated: New York, NY

May 17, 2019

JED S. RAKOFF, U.S.D.J.